WILLIAM, The (FINDLAY v.).  See Case No. 4,790.

WILLIAM, The (MARTIN v.).  See Case No. 9,171.

WILLIAM, The (UNITED STATES v.).  See Case No. 16,700.

—————

## Case No. 17,685.

WILLIAM v. VAN ZANDT et al.

[3 Cranch. C. C. 55.] [1]

Circuit Court, District of Columbia.  Dec. Term, 1826.

SLAVERY — EVIDENCE—SUIT FOR FREEDOM — CONCLUSIVENESS OF JUDGMENT—SALE OF SLAVE BY IMPORTER—EFFECT.

1. In a suit for freedom, a judgment against the defendant, upon his disclaimer, and default in not rejoining, is not prima facie evidence of the freedom of the petitioner, in a subsequent suit by him against another defendant, although this other defendant should, after such judgment, have filed a paper in that suit, claiming the petitioner as his slave.

2. Possession of, and acts of ownership over, a colored person, are prima facie evidence of slavery and ownership; and a sale of a slave by the importer, within three years after importation, gives the slave his freedom if such im-

[1] [Reported by Hon. William Cranch, Chief Judge.]

·porter be the sole owner; but if the importer has only a distributive interest, with others, in the slave, such sale does not give freedom.

Petition for freedom. Upon a former petition against Milburne, judgment was rendered in favor of the petitioner, upon the default of Milburne to rejoin. Milburne had, in that case, disclaimed to hold the petitioner as a slave; to which the petitioner replied certain facts, showing that Milburne had purchased the petitioner, and did claim and hold him. To this replication Milburne was ruled to rejoin, and, upon his failing to comply with the rule, judgment by default was rendered against him.

Mr. Key and Mr. J. Dunlop, for the petitioner, offered the record of that judgment as prima facie evidence of his freedom.

THE COURT (MORSELL, Circuit. Judge, contra) rejected the evidence.

Mr. Key then offered in evidence a paper filed by the defendant, Van Zandt, in this court, after the judgment in the case against Milburne. praying the court to order the petitioner, William, to be delivered to him, claiming under authority of Mr. Estes. administrator of the estate of Dr. W. W. Southall, which the court then refused to do; and Mr. Key thereupon contended that that act of Mr. Van Zandt made the whole record in that case evidence in this. The court, however, still rejected the record; but said that the acts or declarations of Mr. Van Zandt might be given in evidence.

Mr. Key then offered evidence to prove that a certain Mrs. Straas had possession of, and exercised acts of ownership over, the petitioner, and imported him into this county, and delivered to the clerk a list of slaves imported by her, including the name of the petitioner; and that she afterwards, within three years after such importation, sold him to one Coburn, in this county, contrary to the act of assembly of Maryland, 1796, c. 67, § 3.

Whereupon the court, at the motion of the petitioner's counsel, instructed the jury that the possession and acts of ownership by Mrs. Straas were prima facie evidence of title.

And THE COURT (CRANCH. Chief Judge, contra) refused to instruct the jury that if Dr. Southall died possessed of the slave, and the defendant, Estes, was his administrator, then the sale by Mrs. Straas was not sufficient to entitle the petitioner to his freedom.

But THE COURT (nem. con.) instructed the jury that if Mrs. Straas had only a distributive share in the slave. her sale could not entitle the petitioner to his freedom: but that if, from the whole evidence. they should find that Mrs. Straas was in possession and exercised acts of ownership. and several of the distributees knew it and did not object, and that Estes never claimed the slave until after the sale, they may presume that she had good title. And the court refused to say that the evidence did not justify such an inference. Verdict for petitioner.

Motion for new trial overruled. Judgment for petitioner.